UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-CR-00351-KJD-NJK |
| Plaintiff, | |
| v. | **ORDER** |
| SHANNON LYNN HEALY, | |
| Defendant. | |

Presently before the Court is Defendant's Motion for Early Termination of Supervision (#19). The Government filed a response in opposition (#20). Defendant was sentenced on March 10, 2015 to twenty-four (24) months of imprisonment followed by three years of supervised release. Defendant commenced her supervision on July 5, 2016. Defendant filed the present motion

A district court enjoys "broad discretion" when, after it takes into account the statutorily required factors, it discharges a defendant's supervised release. United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). The defendant, however, bears the burden of demonstrating that early termination of her supervised release is justified. See United States v. Weber, 451 F.3d 552, 559 n. 9 (9th Cir. 2006). Title 18 U.S.C. § 3583(e) states:

> (e) Modification of conditions or revocation. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice[.]

The Court has considered the following factors under 18 U.S.C. §§ 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Having considered all of the factors, the Court finds that Defendant's substantial criminal history and the need to provide Defendant with continued rehabilitation requires the Court to deny Defendant's motion. Defendant has a lengthy and serious criminal history. Though Defendant has failed to meet her burden in showing that early termination of supervised release is justified, she is commended for her positive adjustments to supervision, particularly a sober, drug free and stable lifestyle. Continued supervision will help to make these traits a permanent part of Defendant's life.

///

//

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release (#19) is **DENIED**.

Dated this 16th day of May, 2018.

Kent J. Dawson
United States District Judge